William S. HAPPEL, doing business as Happel Contracting Company, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 58 C 446(2).

United States District Court E. D. Missouri, E. D.

Sept. 24, 1959.

---

8. Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580, 581.

Richard F. Moll, of Walther, Barnard, Cloyd & Timm, St. Louis, Mo., for plaintiff.

W. Francis Murrell, Asst. U. S. Atty., St. Louis, Mo., for defendant.

HARPER, Chief Judge.

The plaintiff brought this action to recover under Contract No. DA–23–065–CIVENG–56–132, being a contract for the construction of riverside berm revetment and repair of borrow pits in Perry County, Missouri. The plaintiff contends that he is entitled to an additional $8,-835.37 for borrow pit fill. Defendant has filed a motion for summary judgment, supported by various documents and exhibits. The documents and exhibits filed show that a dispute arose between the parties as to the actual amount of work performed under the contract. The contract contains the following provision:

"6. Disputes. Except as otherwise provided in this contract, any dispute concerning a question of fact arising under this contract which is not disposed of by agreement shall be decided by the Contracting Officer, who shall reduce his decision to writing and mail or otherwise furnish a copy thereof to the Contractor. Within 30 days from the date of receipt of such copy, the Contractor may appeal by mailing or otherwise furnishing to the Contracting Officer a written appeal addressed to the head of the department, and the decision of the head of the department or his duly authorized representatives for the hearings of such appeals shall, unless determined by a court of competent jurisdiction to have been fraudulent, arbitrary, capricious, or so grossly erroneous as necessarily to imply bad faith, be final and conclusive: *Provided*, That, if no such appeal to the head of the department is taken, the decision of the Contracting Officer shall be final and conclusive. In connection with any appeal proceeding under this clause, the Con-

tractor shall be afforded an opportunity to be heard and to offer evidence in support of its appeal. Pending final decision of a dispute hereunder, the Contractor shall proceed diligently with the performance of the contract and in accordance with the Contracting Officer's decision."

On October 28, 1957, the plaintiff through his attorney requested a decision of the Contracting Officer be issued pursuant to Article 6, supra, as to work performed by plaintiff under the contract. On April 7, 1958, the Contracting Officer made his finding of fact, and on April 8th a copy of such finding, together with a letter setting out his final decision, was mailed by registered mail to plaintiff at his business address. On May 15, 1958, plaintiff filed his notice of appeal, accompanied by a letter from his attorney. On May 21, 1958, the Contracting Officer by letter to plaintiff made supplemental findings of fact relating only to the matter of timeliness of appeal under the provisions of the contract. On May 22, 1958, plaintiff filed a notice of appeal from the supplemental findings of May 21, 1958. The appeal of May 15, 1958, was docketed by the Board of Contract Appeals. On July 29, 1958, the Board in an opinion allowed the government's motion to dismiss and entered its order dismissing the appeal on the basis that the appeal was not timely taken.

 The amount of work performed by the plaintiff and the quantity of borrow pit fill was a question of fact (United States v. Callahan Walker Const. Co., 317 U.S. 56, 63 S.Ct. 113, 87 L.Ed. 49), and the Contracting Officer in his decision set out the amount. It has been repeatedly held that contract provisions similar to the one in the contract in question and referred to for the settlement of disputes concerning facts, is a valid provision for deciding these factual issues, and it is solely through its operation that claims may be made and adjudicated as to matters arising under the contract. United States v.

Callahan Walker Const. Co., supra, and United States v. Joseph A. Holpuch Co., 328 U.S. 234, 66 S.Ct. 1000, 90 L.Ed. 1192.

In the case before the court the plaintiff has not exhausted his administrative remedy for the reason that his appeal was untimely and it was so determined by the Appeal Board. Plaintiff failed to initiate his appeal within the time required by the contract. Accordingly, he has failed to exhaust his administrative remedy in this respect and the contractor cannot maintain an action against the government for the alleged unpaid borrow pit fill when an appeal was not taken within 30 days of the date of the decision of the Contracting Officer finding against him, unless the same is fraudulent, arbitrary, capricious or so grossly erroneous as necessarily to imply bad faith, which are not applicable to this case. Automatic Screw Products Co. v. United States, D. C., 169 F.Supp. 951.

Accordingly, defendant's motion for summary judgment will be granted.